IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CONNIE BUBECK,

       Plaintiff,                                Case No.: 3:12-cv-333

vs.

COMMISSIONER OF                       District Judge Thomas M. Rose
SOCIAL SECURITY,                     Magistrate Judge Michael J. Newman

       Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal.  Plaintiff was previously granted disability benefits beginning September 1, 2010.  The only question on appeal is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not disabled prior to September 1, 2010, and then unentitled to Disability Insurance Benefits ("DIB").  This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's Memorandum in Opposition (doc. 11), Plaintiff's Reply (doc. 12), the administrative record[2] (doc. 6), and the record as a whole.

The ALJ determined that Plaintiff's age category changed on September 1, 2010 to an "individual of advanced age."  20 C.F.R. § 404.1563; PageID 95.  Solely as a result of the change in Plaintiff's age category, the ALJ determined that there were no jobs in the national economy that Plaintiff could perform as of September 1, 2010, therefore rendering her then

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.  Additionally, Plaintiff's pertinent medical records have been adequately summarized in the administrative decision and the statement of errors, *see* PageID 88-94; doc. 8 at PageID 561-66, and the Court will not repeat them here.  Where applicable, the Court will identify the medical evidence relevant to its decision.

disabled and entitled to DIB. *Id*. For the reasons that follow, the Court finds this determination supported by substantial evidence.[3]

## I.

Plaintiff filed for DIB on May 19, 2008, alleging a disability onset date of February 16, 2006. PageID 86. After initial denials of her application, Plaintiff received a hearing before ALJ Thomas McNichols on September 9, 2010. PageID 102. The ALJ issued a written decision on October 15, 2010, finding Plaintiff disabled, as of September 1, 2010, but not before. PageID 95. Specifically, the ALJ's Findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2011;

2. The claimant has not engaged in substantial gainful activity since the alleged disability onset date (20 C.F.R. § 404.1571 *et seq.*);

3. Since the alleged onset date of disability, February 16, 2006, the claimant has had the following severe impairments: left eye blindness; kidney disease; flares of gout; and chronic low back pain (20 C.F.R. § 404.1520(c));

4. Since the alleged onset date of disability, February 16, 2006, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526);

5. After careful consideration of the entire record, the undersigned finds that, since February 16, 2006, the claimant has the residual functional capacity [("RFC")][4] to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following additional limitations: no climbing ladders, ropes, or

---

[3] The ALJ applied a non-mechanical assessment of the Medical-Vocational Guidelines ("the Grid") principles in determining that Plaintiff had reached the "advanced age" category on September 1, 2010. 20 C.F.R. § 404.1563. In fact, Plaintiff did not actually reach this category until she turned 55 years of age on October 17, 2010. PageID 105. The ALJ's application of the Grid was deferential to Plaintiff in this respect, considering her borderline age status, and afforded her the benefit of the doubt in categorizing her age.

[4] A claimant's RFC is the most physical exertion a claimant can perform in the workplace despite his or her impairments and any related symptoms, such as pain. 20 C.F.R. § 404.1545(a). The assessment is based on all relevant evidence in the record and the claimant's ability to meet the physical, mental, sensory, and other requirements for work as described in 20 C.F.R. § 404.1545(b), (c), and (d).

        scaffolds; occasional climbing of ramps and stairs; occasional stooping and crouching; no commercial driving; and not required to maintain concentration on a single task for longer than fifteen minutes at a time;[5]

6. Since February 16, 2006, the claimant has been unable to perform any past relevant work (20 C.F.R. § 404.1565);

7. Prior to the established disability onset date, the claimant was an individual "closely approaching advanced age." Applying the age categories non-mechanically, and considering the additional adversities in this case, on September 1, 2010, the claimant's age category changed to an individual of "advanced age" (20 C.F.R. § 404.1563);

8. The claimant has a "limited" education and is able to communicate in English (20 C.F.R. § 404.1564);

9. Prior to September 1, 2010, transferability of job skills is not material to the determination of disability because using [the Grid] as a framework supports a finding that the claimant is "not disabled" whether or not she has transferable job skills. Beginning on September 1, 2010, the claimant has not been able to transfer job skills to other occupations (*See* [Social Security Regulation] SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2);

10. Prior to September 1, 2010, the date the claimant's age category changed, considering her age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 C.F.R. §§ 404.1569 and 404.1569a);

11. Beginning on September 1, 2010, the date the claimant's age category changed, considering her age, education, work experience, and [RFC], there are no jobs that exist in significant numbers in the national economy that the claimant could perform (20 C.F.R. §§ 404.1560(c) and 404.1566); [and]

12. The claimant was not disabled prior to September 1, 2010, but became disabled on that date and has continued to be disabled through the date of this decision (20 C.F.R. § 404.1520(g)).

---

[5] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

PageID 88-95 (brackets and footnotes added).

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ McNichols's Findings the final administrative decision of the Commissioner. PageID 53-57; *see Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *See Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 435 (6th Cir. 2007).

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the Commissioner's non-disability finding is supported by substantial evidence, and (2) whether the Commissioner employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found the claimant disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which the Commissioner can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and

where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the regional or national economies. *Id.* § 423(d)(2).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520. Although a dispositive finding at any step ends the ALJ's review, *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the Listings), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and RFC, can he or she perform other work available in the national economy?

20 C.F.R. § 404.1520(a)(4); *see Miller v. Comm'r of Soc. Sec.*, 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997). During the first four steps of the five-step sequential analysis, the claimant has the

burden of proof.  42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520.  Should the claimant meet all requirements of the previous steps, at Step 5 the burden shifts to the Commissioner to establish that the claimant retains an RFC to perform other substantial gainful activity existing in the national economy.  *Key*, 109 F.3d at 274.

### III.

On appeal, Plaintiff alleges the ALJ erred in one respect only: by finding she was not disabled prior to September 1, 2010.  Doc. 8 at PageID 560.  Having carefully reviewed the 500-plus page administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the established disability onset date here at issue, the Court finds the ALJ's decision is supported by substantial evidence.  The ALJ carefully and reasonably reviewed the record; appropriately considered the medical evidence at issue; asked appropriate hypothetical questions of the Vocational Expert ("VE"); and -- acting in reasonable reliance upon the VE's responsive testimony -- satisfied the shifting burden and reasonably found, at Step 5, that Plaintiff was disabled as of September 1, 2010, but not before.

Plaintiff challenges the ALJ's selection of the September 1, 2010 disability onset date by suggesting the ALJ: (1) erred in relying on medical opinions by reviewing physicians (as opposed to Plaintiff's treaters), (2) improperly evaluated her pain and credibility, and (3) incorrectly used, and/or relied upon the Grid.  These arguments are addressed in turn.

**A.  ALJ's Evaluation of the Reviewing Physicians and Treaters**

In making his RFC determination, the ALJ relied on the opinions of the Board of Disability Determination ("BDD") reviewing physicians, stating "[t]he opinions of the BDD reviewing physicians are given significant weight because they are not inconsistent with the evidence as the claimant's physical impairments limit her to light work with additional postural limitations."  PageID 91.  Importantly, the ALJ noted that "no treating, examining, or reviewing

physician has said that the claimant is disabled and unable to perform work at any level of exertion." PageID 90, PageID 364-70, 441.

Given the lack of treating opinion evidence regarding Plaintiff's disability status, the ALJ reasonably adopted the findings of State agency reviewing physicians, Teresita Cruz, M.D. and Myung Cho, M.D. Both physicians examined Plaintiff's medical records and placed her at the light exertional level with additional limitations. PageID 377-85, 438. The ALJ's RFC finding was consistent with the opinions of Drs. Cruz and Cho. The exhibits submitted by Plaintiff contain no opinion from any treating physician categorizing her as totally disabled. In the absence of definitive assessments from Plaintiff's treating physicians regarding her capacity to perform work, the ALJ reasonably relied on the State's reviewing physicians in his RFC finding. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *see also Dunmore v. Colvin*, 940 F. Supp. 2d 677, 687 (S.D. Ohio 2013) (finding, in the absence of any treating physician opinion, the ALJ was justified in relying on the opinions of the record-reviewing physicians). The ALJ was justified in relying on the review performed by Drs. Cruz and Cho, who offered the only actual opinions of record regarding Plaintiff's disability status. PageID 377-84; *see* SSR 96-6p, 1996 WL 374180, at *2 ("State agency [medical sources] . . . are highly qualified physicians . . . who are also experts in Social Security disability evaluation."). His finding is therefore supported by substantial evidence.

### B. ALJ's Evaluation of Plaintiff's Pain and Credibility

As the Sixth Circuit has noted, "[c]redibility determinations with respect to subjective complaints of pain rest with the ALJ." *Allen v. Comm'r of Soc. Sec.,* 561 F.3d 646, 652 (6th Cir. 2009) (quoting *Siterlet v. Sec'y of H.H.S.,* 823 F.2d 918, 920 (6th Cir. 1987)). The Commissioner's regulations and Sixth Circuit precedent establish the standard the ALJ must follow when examining a claim of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Felisky v. Bowen,* 35 F.3d 1027, 1039-40 (6th Cir. 1994) (quoting *Duncan v. Sec'y of H.H.S.*, 801 F.2d 847, 853 (6th Cir. 1986)).

If the ALJ finds, as he did here, that there are medically determinable impairments, the ALJ must then evaluate the "intensity and persistence" of the alleged pain to determine how it limits the claimant's capacity for work.  20 C.F.R. § 404.1529(c)(1).  The regulations provide seven factors that the ALJ must weigh: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) the factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) other treatment undertaken to relieve symptoms; (6) other measures taken to relieve symptoms, such as lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions.  *Id.* § 404.1529(c)(3).

The ALJ correctly applied the two-step *Felisky* standard in evaluating Plaintiff's subjective complaints of pain.  *Id*.  First, the ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms." PageID 93.  Second, the ALJ found that Plaintiff's statements about the pain's intensity were not credible "to the extent they are inconsistent with the above [RFC] assessment."  *Id.*  In making this finding, the ALJ appropriately addressed the factors set forth in 20 C.F.R. § 404.1529(c)(3). This included Plaintiff's treatment history, her medications, the intensity of her symptoms and her daily activities.  PageID 92-93.  For example, the ALJ noted Plaintiff testified to using "crutches at times when her gout flares up[;] however, a physician has not prescribed that device."  PageID 92.  Additionally, the ALJ relied on the fact that Plaintiff never received

-8-

physical therapy or spinal injections for her pain, and did not take narcotic-based pain medication. PageID 441. Moreover, she did not report nausea or vomiting related to her chronic kidney disease (both painful symptoms and/or side effects) and had not undergone dialysis treatment. PageID 304-11. Regarding her activities of daily living, the ALJ relied on Plaintiff's testimony that she cared for herself and was able to do most activities of daily life without interruption. PageID 93, 122-26.

Plaintiff additionally argues, with respect to credibility, that the ALJ erred in relying on her appearance at the hearing. PageID 572. The Sixth Circuit has long held that it is for the ALJ, not the reviewing court, to evaluate the credibility of witnesses -- including Plaintiff -- at the administrative hearing. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). Determination of credibility rests with the ALJ, as only the ALJ has the opportunity to observe the demeanor and capabilities of the claimant in person. *Gaffney v. Bowen*, 825 F.2d 98, 99 (6th Cir. 1987).

At the administrative hearing, Plaintiff admitted that she was able to perform personal hygiene, care for pets, assist with household chores, do laundry, go to the store, and visit with relatives, among other activities. PageID 123-29. The ALJ reasonably noted that "this regular and continued level of daily activity is . . . consistent with someone who has limitations, not someone who is disabled." PageID 93; *see Candler v. Colvin*, No. 3:12-CV-181, 2013 WL 3989586, at *9 (S.D. Ohio Aug. 2, 2013), *adopted by* 2013 WL 4457374 (S.D. Ohio Aug. 20, 2013) (finding that an ALJ may consider "household and social activities engaged in by the claimant" in evaluating a claimant's credibility). As the ALJ stated in his decision, his in-person assessment of Plaintiff's capabilities was "one among many [pieces of evidence] being relied on in reaching a conclusion [regarding Plaintiff's RFC]." PageID 93. Moreover, the Sixth Circuit has held "[i]t is for the [Commissioner] and his examiner [the ALJ], as the fact-finders, to pass

upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

### C. ALJ's Application of the Grid

The Grid considers the vocational factors of age, education, work experience, and RFC, and serves to establish disability by synthesizing these factors. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(a). Under the Grid, age is divided into three categories: younger person (18-49); person closely approaching advanced age (50-54); and person of advanced age (55 and over) 20 C.F.R. §§ 404.1563(c)-(e).

The SSA has determined that it will not apply the Grid age categories mechanically in a borderline situation. "If [claimants] are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category." 20 C.F.R. § 404.1563(b). Plaintiff's age, at the time of the administrative hearing, meant that she was just one month shy of 55 years of age -- the "advanced age" category. 20 C.F.R. § 404.1563(e). The ALJ used a non-mechanical assessment of Plaintiff's status as a person of advanced age in reasonably determining her disability onset date, as required by 20 C.F.R. § 404.1563(b). Following Plaintiff's categorization as a person "of advanced age," with an RFC for a limited range of light work, Plaintiff's ability to perform work in the national economy was significantly eroded. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.10. The ALJ correctly applied the Grid at Step 5 to find that Plaintiff is a person of limited education, with no transferable skills, who is unable to perform her past relevant work. *Id.* These factors significantly limited her vocational adaptability, thus establishing Plaintiff's disability status. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.01. This disability determination represents a reasonable application of the Grid. *Accord Collins v. Comm'r of Soc. Sec.*, 357 Fed. Appx. 663, 670 (6th Cir. 2009).

-11-

## IV.

For the foregoing reasons, the Court finds the ALJ's analysis supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The ALJ's determination -- that Plaintiff is disabled as of September 1, 2010, but not before -- be found supported by substantial evidence, and **AFFIRMED**; and

2. This case be **CLOSED** on the docket of this Court.

January 9, 2014                                         **s/ Michael J. Newman**
                                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).